IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONSUMERS DIGEST COMMUNICATIONS, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>AVAYO MEDIA, LLC, ACAI BERRY PURE, NUTRITION CRAZE, LTD., and JOHN DOES 1-3,<br><br>Defendants. | Civil Action No. _____<br><br>Judge _____ |

## **COMPLAINT**

Plaintiff Consumers Digest Communications, LLC ("CDC" or "Plaintiff"), by its undersigned attorneys, as and for its Complaint against Defendants Avayo Media, LLC ("Avayo"), Acai Berry Pure ("ABP"), Nutrition Craze, Ltd. ("Nutrition") and John Does 1-3, inclusive (collectively "Defendants"), alleges and states as follows:

**Nature of the Action**

1. This is a complaint to redress violations of: trademark infringement, dilution, unfair competition and cyberpiracy under the Lanham Act; unfair competition, consumer fraud, and deceptive trade practices under Illinois statutory law; and common law unfair competition and trademark infringement.

2. This action results from Defendants' wrongful, willful, and reckless use of CDC's trademarks and confusingly similar variations thereof in the marketing and sale of at least some

of Defendants' goods, including in Defendants' domain names, without CDC's express or implied authorization or permission.

## Jurisdiction and Venue

3. This Court has jurisdiction over the claims in this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

4. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) because a substantial portion of the property that is the subject of this action is situated in this district and the infringement of CDC's trademarks occurred in this district.

5. This Court has jurisdiction over Defendants because Defendants are engaging in various activities within this State and this District, including transacting business and committing tortious acts in this District. The consequences of Defendants' actions produce effects in and directly implicate this forum.

## The Parties

6. Plaintiff CDC is a Delaware limited liability company with its principal place of business at 520 Lake Cook Road, Suite 500, Deerfield, Illinois 60015.

7. Upon information and belief, Defendant Avayo is a Florida limited liability company with a principal place of business at 1602 Alton Road #588, Miami Beach, FL 33139.

8. Upon information and belief, Defendant ABP is an unregistered fictitious entity with a principal place of business at 1602 Alton Road #588, Miami Beach, FL 33139, the same address as Avayo.

9. Upon information and belief Nutrition has its principal place of business at W. 125 Woods Centre, St. Johns, Antigua.

10. Upon information and belief, John Does 1 and 2 are individuals or businesses associated with the sale and distribution of Avayo's, ABP's, and/or Nutrition's products by operating Internet websites advertising the same. CDC is currently unaware of the true names and capacities of John Does 1 and 2 and therefore sues such defendants by such fictitious names. Upon information and belief, John Does 1 and 2 have intentionally acted to hide their identities to evade detection. CDC is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that the damages herein alleged have been caused by their conduct. CDC will seek leave of the Court to amend its Complaint to allege the true identities of John Does 1 and 2 when they are ascertained through discovery or by other means.

11. Upon information and belief, John Doe 3 is an individual or business that owns and operates an Internet website and domain name that is in violation of CDC's rights. CDC is currently unaware of the true name and capacities of John Doe 3 and therefore sues such defendant by such fictitious name. Upon information and belief, John 3 has intentionally acted to hide its identity to evade detection. CDC is informed and believes and thereon alleges that John Doe 3 is responsible in some manner for the occurrences herein alleged and that the damages herein alleged have been caused its conduct. CDC will seek leave of the Court to amend its Complaint to allege the true identity of John Doe 3 when it is ascertained through discovery or by other means.

### CDC's Intellectual Property Rights

12. CDC is the owner of the following federally registered trademarks and service marks, all of which are incontestable (collectively the "Marks"):

    (1)    CONSUMERS DIGEST, Reg. No. 1,642,060;

    (2)    CONSUMERS DIGEST, Reg. No. 1,378,360;

Copies of printouts from the United States Patent and Trademark Office's ("USPTO") Trademark Applications and Registrations ("TARR") database evidencing the status of the registrations for the Marks are attached as Exhibit A.

13. CDC has been using the marks CONSUMERS DIGEST, Reg. No. 1,642,060, and CONSUMERS DIGEST, Reg. No. 1,378,360 continuously for nearly fifty (50) years in connection with the goods and services set forth in the registrations.

14. In each issue of Consumers Digest Magazine, CDC publishes feature-length articles evaluating and recommending consumer products in varying product categories. Most of these articles feature a CONSUMERS DIGEST BEST BUY recommendation, which is a certification or indicator in the marketplace that the product that has been evaluated by CDC to be of exceptional value and a leader in its class. Product categories contained in Consumers Digest Magazine vary each issue. CDC has been using the certification mark CONSUMERS DIGEST BEST BUY continuously for over twenty (20) years.

### Defendants' Infringing Activities

15. Upon information and belief, Avayo manufactures and distributes teeth whitening products. As part of its promotional efforts, Avayo advertises its teeth whitening products

including, for instance, EverBrite, Celebrity Teeth White, Denta-White and White-To-Go, to its customers and potential customers on the website located at the domain name <www.consumersdigestweekly.com>. The banner of the homepage of that site shows the following in connection with the sale of Avayo's teeth whitening products, which is confusingly similar to CDC's Marks:



The banner was displayed in an identical manner as the banner located at the domain name <www.healthnews10.com>, mentioned below. Copies of printouts from the website located at the domain name <www.consumersdigestweekly.com> are attached as Exhibit B.

16. Upon information and belief, John Doe 1 is an unknown individual or entity who has registered and is currently maintaining the domain name <www.consumersdigestweekly.com> with registrar Dotster, Inc. A copy of a Dotster.com WHOIS printout for the domain name <www.consumersdigestweekly.com> is attached as Exhibit C.

17. Upon information and belief, ABP manufactures and distributes an acai berry diet product. As part of its promotional efforts, ABP has, in the past, advertised its acai berry diet products to its customers and potential customers on the website located at the domain name <www.healthnews10.com>. The healthnews10.com web site also prominently featured the following in connection with the sale of ABP's acai berry diet product, which is confusingly similar to CDC's Marks:

5



18. Upon information and belief, Nutrition manufactures and distributes a colon cleanse diet product. As part of its promotional efforts, Nutrition has, in the past, advertised its colon cleanse diet products to its customers and potential customers on the website located at the domain name <www.healthnews10.com>. Upon information and belief, in the past the banner of the homepage of the website located at the domain name <www.healthnews10.com> showed the following in connection with the sale of Nutrition's colon cleanse product, which is confusingly similar to CDC's Marks:



The banner was displayed in an identical manner as the banner located at the domain name <www.consumersdigestweekly.com>. Copies of printouts from the website formerly located at the domain name <www.healthnews10.com> are attached as Exhibit D.

19. Upon information and belief, John Doe 2 is an unknown individual or entity who has registered and is currently maintaining the domain name <www.healthnews10.com> with Dotster, Inc. A copy of a Dotster.com WHOIS printout for the domain name <www.healthnews10.com> is attached as Exhibit E.

20. Upon information and belief, John Doe 3 is an unknown individual or entity who has registered and is currently maintaining the domain name <www.consumertipsdigest.org > with eNom, Inc. Upon information and belief, promotional materials for the

<www.consumertipsdigest.org> site have the same looks and feel as promotional materials for the <www.consumersdigestweekly.com> and <www.healthnews10.com> sites, and the owner of the<www.consumertipsdigest.org > is affiliated with the owners of the <www.consumersdigestweekly.com> and <www.healthnews10.com> sites. Upon information and belief, the website at the domain name <www.consumertipsdigest.org > improperly and without authorization displays the following:



Upon information and belief, advertisements for the website at the domain name <www.consumertipsdigest.org > appear improperly and without authorization on third party websites as follows:



Copies of printouts from the website located at the domain name < www.consumertipsdigest.org > are attached as Exhibit F. Copies of eNom.com and Network Solutions WHOIS printouts for the domain name <www. consumertipsdigest.org > are attached as Exhibit G.

21. Upon information and belief, before Defendants began using CDC's Marks, they had actual knowledge of CDC's Marks and/or CDC's Registrations therefor.

7

22. Upon information and belief, Defendants have deliberately and willfully used the CDC's Marks in interstate commerce in an attempt to trade on the goodwill, reputation and marketing power created by CDC and CDC's Marks.

23. Defendants' use of CDC's Marks deprives CDC of the ability to control consumer perception of the quality of goods and services offered under marks that are identical or confusingly similar to CDC's Marks. This harms consumers and places CDC's valuable brand, reputation and goodwill in the hands of Defendants, over whom CDC has no control.

24. On or about March 22, 2010, CDC sent a letter to Defendant Avayo, advising it of CDC's rights in and to the Marks on the website located at the domain name <www.healthnews10.com>, and demanding that it cease-and-desist from such infringing acts. Defendant Avayo did not respond. A copy of the March 22, 2010 letter is attached as Exhibit H.

25. Upon information and belief, although the domain name <www.healthnews10.com> continues to be active, it now links to a web page with no substantive content.

## COUNT I

**Trademark Infringement in Violation of
Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

26. As the fist ground for relief, CDC hereby alleges trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). CDC incorporates by reference Paragraphs 1 through 25, above, as though fully set forth herein.

27. Defendants' unauthorized use in interstate commerce of CDC's Marks, as described herein, is likely to cause confusion, mistake or deception as to the source, sponsorship

8

or approval of Defendants' products by CDC. The consuming public and the trade is likely to believe that Defendants' products originate with CDC, are licensed, sponsored or approved by CDC, or in some way connected with or related to CDC.

28. The aforementioned acts by Defendants constitute infringement of a federally registered mark, either directly or secondarily, in violation of §32(1) of the Lanham Act, 15 U.S.C. § 1114(1), as amended.

29. Defendants' unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of CDC's rights.

30. Said infringing acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to CDC, for which CDC has no adequate remedy at law.

## COUNT II

### Trademark Dilution in Violation of
### Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

31. As the second ground for relief, CDC hereby alleges federal dilution in violation of section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). CDC incorporates by reference Paragraphs 1 through 30 above, as though fully set forth herein.

32. Prior to the acts of Defendants complained of herein, CDC's Marks became famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

33. Defendants' commercial use of the Marks in interstate commerce, as alleged herein, is likely to cause dilution, either directly or secondarily, of the distinctive quality of the Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Defendants' acts are intentional and willful.

34. Said acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to CDC and the Marks, for which CDC has no adequate remedy at law.

## **COUNT III**

**Unfair Competition in Violation of
Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

35. As the third ground for relief, CDC hereby alleges federal unfair competition in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1). CDC incorporates by reference Paragraphs 1 through 34, above, as though fully set forth herein.

36. Defendants' unauthorized use in interstate commerce of the Marks, as described herein, constitutes a false designation of origin, either directly or secondarily, that is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association between CDC and Defendants, or as to the origin, sponsorship, or approval of Defendants' products or services by CDC, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. Defendants' unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of CDC's rights.

38. Said acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable harm to CDC, for which CDC has no adequate remedy at law.

## COUNT IV

### Cyberpiracy in Violation of
### Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d)

39. As the fourth ground for relief, CDC hereby alleges federal cyberpiracy in violation of Section 43(d)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(d)(1)(A). CDC incorporates by reference Paragraphs 1 through 38, above, as though fully set forth herein.

40. Defendants, with bad faith intent to profit from the Marks, have registered, trafficked in or used domain names that are identical or confusingly similar to or dilutive of the Marks, in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), either directly or secondarily.

41. The Marks were distinctive and famous at the time the domain names were registered.

42. Said acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable harm to CDC, for which CDC has no adequate remedy at law.

## COUNT V

### Violation of the Illinois Uniform
### Deceptive Trade Practices Act, 815 ILCS 510/1-7

43. As its fifth ground for relief, CDC hereby alleges violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.* CDC incorporates by reference Paragraphs 1 through 42, above, as though fully set forth herein.

44. Defendants' unauthorized use of the Marks is likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendants'

11


products, and/or otherwise creates a likelihood of confusion or misunderstanding, either directly or secondarily, inasmuch as it gives rise to the incorrect belief that Defendants have some connection with CDC.

45. Defendants' aforesaid business activities constitute false, deceptive and misleading representations or statements in connection with the advertising and sale of Defendants' goods, and said acts constitute deceptive trade practices in the course of Defendants' business in willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq*.

46. Said acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to CDC, for which CDC has no adequate remedy at law.

## COUNT VI

### Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1-12

47. As the sixth ground for relief, CDC hereby alleges violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*, either directly or secondarily. CDC incorporates by reference Paragraphs 1 through 46, above, as though fully set forth herein.

48. Defendants' unauthorized use of the Marks is a deceptive act or practice, on which they consumers to rely, and is in the course of conduct involving trade or commerce. Defendants' conduct involves trade practices that are directed to the market generally and that implicate consumer protection concerns.

49. By its aforesaid acts and misrepresentations, Defendants have caused, and are likely to cause in the future, a public injury and a detrimental effect on consumers by causing confusion as to the origin or sponsorship of Defendants' products or services. Said acts constitute unfair methods of competition and unfair or deceptive acts or practices in willful violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*.

50. Said acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to CDC, for which CDC has no adequate remedy at law.

## COUNT VII

### Common Law Unfair Competition and Trademark Infringement

51. As the seventh ground for relief, CDC hereby alleges common law unfair competition and trademark infringement. CDC incorporates by reference Paragraphs 1 through 50, above, as though fully set forth herein.

52. Defendants' unauthorized use of the Marks constitutes common law unfair competition and trademark infringement, either directly or secondarily, because such use is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval by CDC of Defendants' products. The public is, for example, likely to believe that Defendants' designation "Consumers Digest Weekly" originates with CDC, is licensed by CDC, and/or is sponsored by, connected with, or related to CDC.

53. As a result of its actions complained of herein, Defendants have caused confusion, or are likely to cause confusion or mistake, or to deceive members of the consuming public and the trade. Defendants have misappropriated valuable property rights of CDC, have passed off

13

their goods and/or services as those of CDC, and are trading on the goodwill symbolized by the Marks. Said acts, which are willful, constitute trademark infringement and unfair competition in violation of the common law of the State of Illinois.

54. Said acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to CDC, for which CDC has no adequate remedy at law.

**WHEREFORE**, CDC prays that this Court enter the following judgment and order:

A. That Defendants have violated sections 32, 43(a), 43(c) and 43(d) of the Lanham Act, have violated the Illinois Uniform Deceptive Trade Practices Act and the Illinois Consumer Fraud and Deceptive Business Practices Act, and have committed acts of unfair competition and trademark infringement in violation of the common law of Illinois;

B. That Defendants, their officers, directors, agents, servants, employees, successors, assigns and attorneys, and all those controlled by or in active concert or participation with them (hereinafter collectively "Defendants"), be permanently enjoined and restrained from:

1. Using the Marks or names or marks that comprise or include the Marks or any other mark, logo, name, or designation that gives rise to a likelihood of confusion, mistake or deception with respect to CDC's Marks, or in any way dilutes CDC's famous Marks;

2. Doing any other act or thing likely to induce the mistaken belief that Defendants or Defendants' products are in any way affiliated with, associated with, or sponsored by CDC;

3. Trading on the goodwill associated with the Marks, and passing off their goods as those of CDC;

4. Injuring CDC's business reputation and the goodwill associated with the Marks;

5. Registering, trafficking in, or using a domain name that is identical or confusingly similar to, or dilutive of the Marks; and

6. Otherwise unfairly competing with CDC in any manner whatsoever.

      C.    That, pursuant to 15 U.S.C. §1118, Defendants be ordered to deliver to the Court or to CDC for destruction all labels, packages, brochures, wrappers, advertisements, literature, promotions, letterhead, displays, catalogs, Internet web pages and all other physical matter, whether in paper or electronic form in the custody or under the control of Defendants that constitute, bear or depict CDC's Marks, or any other unauthorized use of CDC's Marks, as used in connection with the advertisement of Defendants' products and/or services and/or that contain false or misleading statements relating CDC's Marks;

      D.    That, pursuant to 15 U.S.C. §1116, Defendants be directed to file with the Court and serve upon CDC within thirty (30) days after issuance of an injunction that incorporates the aforementioned relief (as well as any other injunctive relief) a report in writing and under oath setting forth in detail the manner and form in which the Defendants have complied with the injunction;

      E.    That the Court order the forfeiture or cancellation of the domain names <www.consumersdigestweekly.com> and <www.consumertipsdigest.org>, and any other domain names that are confusingly similar to CDC's Marks, or that said domain names be transferred to CDC;

      F.    That CDC be awarded monetary relief in an amount to be fixed by the Court in its discretion, including (but not limited to):

1. All profits received by Defendants as a result of their unlawful actions, said amount to be trebled due to Defendants' willful misconduct;

2. All damages sustained by CDC as a result of Defendants' unlawful acts, said amount to be trebled due to Defendants' willful actions; and

3. Punitive damages.

    G.    That, because of the exceptional nature of this case resulting from Defendants' deliberate and willful actions, this Court award to CDC all reasonable attorneys' fees, costs and disbursements incurred by CDC as a result of this action;

    H.    That the Court require Defendants to pay prejudgment interest on any and all monetary awards, (in whatever form), costs and expenses for this suit to which CDC is entitled; and

    I.    That the Court order all other and further relief that it deems proper and just.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), CDC demands trial by jury in this action on all issues triable by jury.

Respectfully submitted,

Date: April 30, 2010

By: /s/ Howard S. Michael
Howard S. Michael (IL Bar No. 6156396)
Nicholas G. de la Torre (IL Bar No. 6269612)
Virginia Wolk (IL Bar No. 6297991)
BRINKS HOFER GILSON & LIONE
NBC Tower - Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Tel: (312) 321-4200
Fax: (312) 321-4299

ATTORNEYS FOR PLAINTIFF
CONSUMERS DIGEST
COMMUNICATIONS, LLC